IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MICHAEL DOUGLAS FRAZIER                                                    PLAINTIFF
ADC #151108

v.                                    CASE NO. 3:16-CV-00224 BSM

DAVID CARTER, et al.                                                       DEFENDANTS

## ORDER

Plaintiff Michael Frazier, an inmate at the Arkansas Department of Correction's

Tucker Unit, filed a *pro se* complaint [Doc. No. 2] under 42 U.S.C. § 1983.  Pursuant to the

Prison Litigation Reform Act, his claims must be screened and dismissed if they are (1)

frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek

monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Although construed liberally, the complaint must still contain sufficient facts to state a claim

that is plausible on its face.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Frazier's allegations stem from a traffic stop conducted by Greene County sheriff's

deputies.  He alleges he stopped his vehicle and placed his hands in the air, and defendant

David Carter pulled him from the vehicle and slammed him to the ground.  *See* Doc. No. 2

at 5.  Other officers were present as Frazier was pounced and kicked in his ribs.  *Id.*

Although Frazier could not identify every officer involved, he alleges defendant Zach

Wolverton was present because Wolverton transported Frazier to the sheriff's office.  While

there, Frazier was given a holding cell without a mattress for over 24 hours.  He is suing

Carter and Frazier, both county sheriff's deputies, in their individual and official capacities.

For screening purposes only, Frazier will be permitted to proceed on his excessive force claim against Carter and Wolverton in their individual capacities, but all other claims are dismissed. To the extent Frazier challenges the conditions of confinement because he did not receive a mattress, he has not stated a viable claim. *See Williams v. Delo*, 49 F.3d 442, 444–46 (8th Cir. 1995) (placement in a cell without water or mattress for four days did not violate Eighth Amendment). Additionally, the official capacity claims are dismissed because Frazier has not alleged a valid claim against Greene County. *See Johnson v. Blaukat*, 453 F.3d 1108, 1114 (8th Cir. 2006) (claim against county must allege a violation resulting from an official custom, policy, or practice); *Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998) (official capacity claims against county employees are actions against county itself).

IT IS THEREFORE ORDERED that:

1.   All claims against Carter and Wolverton in their official capacities are dismissed.

2.   Frazier may proceed on his excessive force claims against Carter and Wolverton in their individual capacities. The clerk is directed to prepare a summons for Carter and Wolverton, and the U.S. Marshal is directed to serve the summons, complaint [Doc. No. 2], and this order on them without prepayment of fees and costs or security.

IT IS SO ORDERED this 5th day of October 2016.

_____
UNITED STATES DISTRICT JUDGE